## ALUMINUM COOKING UTENSIL CO. v. CRAIG.

No. 15413—Opinion Filed June 9, 1925.

Rehearing Denied July 14, 1925.

1. **Guaranty—Nonliability After Expiration of Contract.**

Where a party guarantees the payment of moneys received by an agent, under a contract, the guarantor's liability cannot be extended for goods furnished after the expiration of the contract.

2. **Same—Consideration for Guaranty.**

Under section 5125, Comp. St. of 1921, where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee, and forms, with that obligation, a part of the consideration to him, no other consideration need exist. In all other cases there must be a consideration distinct from that of the original obligation.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; H. L. Melton, Judge.

Action by the Aluminum Cooking Utensil Company against Mamie A. Craig to recover on a guaranty contract. Judgment for plaintiff, and plaintiff appeals. Affirmed.

A. C. Markley, for plaintiff in error.

Guy L. Andrews, for defendant in error.

Opinion by MAXEY, C. The parties appear in this court as they appeared in the court below, and will be referred to as plaintiff and defendant.

This is an action on a guaranty contract executed by Mamie A. Craig, the defendant, on the 26th day of November, 1921. The contract for which this guaranty was executed was also dated November 26, 1921. This guaranty appears to be on a stock form prepared by the plaintiff, and while it bears date the same day of the contract, it was not accepted by the plaintiff until December 7, 1921.

The contract entered into between B. F. Smith and the plaintiff, and which the guaranty by Mamie A. Craig was given to secure, expired by its terms on the 31st day of December, 1921. Another contract was entered into between the plaintiff and B. F. Smith on the 26th day of December, 1921, beginning on the 2nd day of January, 1922, and expiring on December 31, 1922.

It is contended by plaintiff that this guaranty of the defendant, Mamie A. Craig, covered both contracts. On the other hand, it is contended by the defendant that it only covered the contract expiring December 31, 1921. If the contention of plaintiff is right, then it was entitled to recover the full amount sued for, being $292.58. If, on the other hand, the defendant's contention is right, then the judgment of the court is right.

The liability of defendant in error is

based upon section 5125, Comp. St. of 1921, and is as follows:

"Where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee, and forms, with that obligation, a part of the consideration to him, no other consideration need exist. In all other cases there must be a consideration distinct from that of the original obligation."

There is no claim of any consideration, other than the consideration of acceptance of the first contract, entered into by the plaintiff and the obligor, Smith, upon which to predicate the defendant's liability. That contract bears date of November 26, 1921. The letter of credit bears the same date, but the plaintiff's evidence discloses that the actual acceptance of this letter of credit was December 7, 1921. The second paragraph of the contract reads as follows:

"Second. The salesman agrees to deposit $5 with the company when this contract is signed, that amount to be placed to his credit and applied on the purchase price of his sample outfit, which he agrees to order not later than 11-26-1921, and to send cash with the order for the full net amount thereof, less the $5 already deposited, or to insure payment of the balance by furnishing the company with security described below. * * *"

The words "security described below" evidently refer to the fifth paragraph of the contract.

"Fifth. The salesman agrees to be personally responsible for the payment for all goods included in requisitions sent to the company for goods required to fill orders taken for the company by him, and to insure payment for such goods by giving a security satisfactory and acceptable to the company, or deposit cash with each requisition to the amount of the company's share of the proceeds. * * *"

Taking these two paragraphs together, and the fact that there is no claim of an independent consideration passing to Mamie A. Craig, and the evidence of the plaintiff, that Mamie A. Craig's letter of credit was not received at the date of entering into this contract—that is, the 26th day of November, 1921—but was received and accepted on the 7th day of December, 1921, during the time between November 26th and December 7th, the obligor, Smith, had the right to pay cash or secure a letter of credit. It appears from the evidence, that on the 26th day of November, 1921, the obligor, Smith, sent a sample outfit order to the plaintiff, and that on December 6, 1921, the plaintiff shipped to the defendant said sample outfit, the items of which amounted

to $64.12, with cash accompanying the order of $5, making the amount due on that bill, $59.12, and the trial court gave judgment for plaintiff for that amount. Upon the rendition of said judgment, the defendant tendered to the plaintiff in open court the amount of said judgment, which the plaintiff declined to accept and brought this appeal.

The next requisition for goods made by the obligor was dated February 3, 1922. All the other requisitions made by the obligor on the plaintiff were made in 1922. So that the requisition made for the sample outfit, amounting to $64.12, is the only bill for which the defendant, Mamie A. Craig, can be held, if her guaranty only covered the first contract.

The case of Clements v. Jackson County Oil & Gas Co., 61 Okla. 247, 161 Pac. 216, was a suit on a guaranty contract, and quoting from the first paragraph of the syllabus, the court said:

"A contract of guaranty not entered into at the same time as the original obligation, or its acceptance by the guarantee, must be supported by a consideration distinct from that of the original obligation."

Another case which we think is applicable by analogy is Bank of Carrollton, Miss., v. Latting, 37 Okla. 8, 130 Pac. 144, and quoting from the third paragraph of the syllabus, the court said:

"The defendant's contract (whether it be that of guaranty or suretyship), having been entered into after the note had once been delivered and accepted by the payee, and the transaction had become fully executed, required proof of a distinct consideration to support it; and, in the absence of evidence tending to establish a new consideration, the undertaking is nudum pactum."

In the body of the opinion of the case last cited, the court said:

"Where the consideration between the principal and the creditor had passed and become executed before the contract of the surety or guaranty is made, and such contract was no part of the inducement to the creation of the original debt, such consideration is not sufficient to sustain such contract. The rule is a very general one, and authorities in support thereof are manifold."

The fifth paragraph of the contract reads as follows:

"When goods are shipped under security, to remit promptly to the company its share of the proceeds from the first collections on each delivery, and agrees that no delivery

will be delayed longer than 30 days from the date of the shipment of the goods. * * *"

The contract which the defendant guaranteed has the following clause:

"This contract shall terminate 12-31-1921. No extension of this contract will be allowed unless through special arrangement with the company in writing and except for a definite period of time."

The letter of credit signed by the defendant, omitting the caption, dated 11-26-1921, is as follows:

"In consideration of your taking into, or continuing in, your employ, B. F. Smith (salesman's name here), Box 871, Oklahoma City, Okla. (salesman's address here), to be employed from time to time in such portions of the United States as you shall deem proper, I hereby agree to pay you forthwith for all goods ordered of you from time to time and not paid for by him when due. My liability not to exceed $300."

We are of the opinion that the defendant's obligation to guarantee payment of the acts of Smith terminated December 31, 1921, and that she was not liable under the contract dated December 26, 1921, to cover the year 1922.

Under the authorities heretofore cited, there would have to be a new consideration to extend it, so as to cover the second contract. It must be borne in mind that the second contract was not in existence at the time the guaranty was furnished. The itemized statement attached to plaintiff's petition shows the first item to be December 6, 1921, $64.12, which was a sample outfit. The next item was February 4, 1922, and the last item was September 25, 1922, and all of the bills ordered by Smith under both contracts, amounted to $689.43, of which he paid $396.85, which left a balance of $292.58, all of which was furnished under the second contract, except the item $64.12 for the sample outfit.

There is no way of telling from the itemized account upon which bills the amount paid was credited. The court could have well said that the item of $64.12 had been paid, but as the evidence was not clear on that subject, it saw fit to hold the defendant for the balance due on that first item, less the $5 that accompanied the order.

Upon the whole case, we are satisfied substantial justice has been done, and that the judgment of the trial court should, in all things, be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 947. (2) 28 Cyc. pp. 917, 919; anno. 44 L. R. A. (N. S.) 481, L. R. A. 1918E, 579; 12 R. C. L. pp. 1077, 1078; 2 R. C. L. Supp. p. 1546; 4 R. C. L: Supp. 784.